Bruce E. Baldinger, Esq. (8715)
**The Law Offices of Bruce E. Baldinger, LLC**
365 South Street
Morristown, NJ 07960
(908) 218.0060
bbaldinger@baldingerlaw.com
Attorney for Plaintiff Timco, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------x
TIMCO, INC. dba PLANET HONDA AND
THE USED CAR UNIVERSE

       Plaintiff,                                 Civil Action No.

       against

STAR PERFORMANCE MARKETING,
STEVEN BERGMAN, THOMAS
MANNING, RIC BOCCIO and
JJM ATLANTIC AUTOMOTIVE, LLC
d.b.a. ATLANTIC CHRYSLER, DODGE,
JEEP, RAM                                     **COMPLAINT**

       Defendants
------------------------------x

      Timco, Inc. d.b.a. Planet Honda and the Used Car Universe ("PH"), by way of complaint against Defendants Star Performance Marketing ("Star"), Steven Bergman ("Bergman"), Thomas Manning ("Manning"), Ric Boccio ("Boccio") and JJM Atlantic Automotive, LLC d.b.a. Atlantic Chrysler, Dodger, Jeep, Ram, ("JJM") (collectively "Defendants") states as follows:

## NATURE OF CASE

1. On a daily basis, Defendants are engaged in the infringement of PH's copyrighted characters, scripts, and plotlines. Defendants carry out this unabashed theft of PH's intellectual property through the use of PH's characters in Defendants' advertising, both on-air and on the internet.

2. Defendants Star, Bergman, Manning, and Boccio utilized PH's s intellectual property in obtaining new business from JMM and JMM in turn utilized the same property to sell vehicles in competition with PH.

3. Defendants each profit handsomely from this copyright infringement by using PH's developed property which has proven to be an effective sales device to sell vehicles.

4. As a direct result of the popularity of the copyrighted content Defendant JMM's business has been extraordinarily successful and Defendant has continued to utilize the characters and plotlines in other advertisements.

5. On account of their conduct, Defendants are liable to plaintiffs for copyright infringement and other causes of action as are more specifically set forth herein.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action under 28 U.S.C. § 1332 as this action seeks monetary damages resulting from the Defendants' actions, in an amount exceeding $75,000.00, and there is complete diversity of citizenship between Plaintiff and all Defendants. This Court also maintains jurisdiction over this action under 28 U.S.C. § 1331, (federal question) and 28 U.S.C. §1338(a) as this matter involves the infringement of PH's copyright pursuant to 17 U.S.C. §101 *et. sec.*

7. Venue is properly placed in the District of New Jersey as Plaintiff conducts business in New Jersey and the infringement took place and damaged Plaintiff PH within this state.

## PARTIES

8. Plaintiff PH is a corporation located in Union, New Jersey. PH is a car dealership selling Hondas and other used vehicles.

9. Defendant Star Performance Marketing is, upon information and belief, a partnership between Defendants Bergman, Manning, and Boccio. Upon information and belief, all of the parties reside in North Carolina and Star's principal place of business is located in Wake Forest, NC. Star held itself out to be an advertising and marketing company.

## BACKGROUND

10. PH is located on Route 22 in Union, NJ and is in a highly competitive market place with at least 4 other Honda dealers located within a ten mile radius and at least another 20 non-Honda dealership within that same distance.

11. As a result, PH has always taken a very public and aggressive approach to advertising. Over the years, PH has utilized print, internet, mailings, newspaper and other advertising methods to reach its customers. Through the experience gained by PH's CEO and President's lengthy involvement in the car sales industry, PH has honed its advertising and has frequently hit a chord with the public.

12. Although PH often uses the creative services of advertising companies, much of PH's advertising is created in-house.

13. In or about 2010 and 2011, PH's CEO and President jointly created an advertising storyline

of two superheroes – "Planetman and Honda Boy." At great cost and expense, commercials were then developed by PH around these characters including the plotline of their ongoing battle with "Evil Dealer," a bad car dealer who promises great deals, but does not deliver.

14. A link to several of these commercials are

http://www.youtube.com/watch?v=vLWZ77Ea6-E – "Save Me Planetman"

http://www.youtube.com/watch?v=DnsqHnrOpAM – "Evil Motors $399/month"

http://www.youtube.com/watch?v=GK7rUHgSqTQ – "Puny Discount"

http://www.youtube.com/watch?v=DVrB1UWYkPs – "Really Big Event"

15. Although many would consider the campaign as "campy," it gained great fanfair.

16. The characters Planetman, Honda Boy and Evil Dealers, along with the scripts were copyrights owned by PH.

17. In or about February, 2012, Defendants Star through its partners Bergman, Manning, and Boccio approached PH for PH's advertising business.

18. As part of the discussions, PH shared with Defendants Star, Bergman, Manning, and Boccio not only the commercials it had developed, but also provided to them copies of the scripts and went into detail about the plotlines.

19. On or about February 27, 2012, Defendants Bergman, Manning, and Boccio presented a proposal (the "Proposal") to PH entitled "A Customized Marketing Strategy to Build Brand and Drive Car Sales." The cover page of the Proposal had a picture of PH's CEO, Tim Ciasulli, dressed in his Planetman costume with its President, William Feinstein, dressed as Honda Boy. The presentation specifically stated that the proposal was presented by Bergman, Manning, and Boccio and bore the Star logo.

20. The "Overview of Client Need" page of the Proposal recognizes that PH is known for

"service, reliability" and is the "6th largest Honda dealer in the country." It recites two other Honda dealers located in just 8 miles from the dealership and notes other strong competitors to PH. Importantly, it also noted the $90,000.00/month which PH spends on television advertising.

21. On the "Media Approach" page of the Proposal, Defendants Star and Bergman, Manning, and Boccio specifically stated, "You have spent a lot of marketing dollars… developing Planet Man and Honda Boy…. How do you make this 'Pop Culture' in nature?"

22. The following page of the Proposal, "Marketing Considerations" looked to merchandize PH's created characters. It states, "Make Planet Man and Honda Boy 'pop Culture' in nature."

23. In fact, a substantial amount of the Proposal was centered upon the continued creation of the superheroes as the identity of the dealership using the voices on the telephone hold message, cutouts in the lobby and even a smartphone application.

24. Clearly Defendants Bergman, Manning, and Boccio saw the effectiveness and ingenuity in bringing these characters to the car dealer market.

25. However, for various reasons inclusive of the fact that PH saw no incremental benefit in what Defendant Star was proposing over what it had already developed, PH elected to remain with its advertising companies and rejected Defendant Star's proposal.

26. Defendant Star did not return any of the source material provided to it by PH.

27. In or about the Fall of 2012, PH began hearing about another car dealership in the New York region, Defendant JJC, which was advertising using the characters "Atlantic Man" and "Jeep Boy." Remarkably, they even utilized a character known as "Evil Dealer."

28. In reviewing the commercials -

http://www.youtube.com/watch?v=LOnJ7wztoYA

http://www.youtube.com/watch?v=fLEVWdYM1Bk

http://www.youtube.com/watch?v=MNFnw69OlAg

- the officers and creative team at PH learned that JJM not only infringed upon the characters, they also used segments of PH's script word for word.

29. Plaintiff contacted advertising professionals only to learn that JMM had utilized Star, Bergman, Manning, and Boccio to develop the campaign.

30. Upon contacting Star about the infringement, Star not only refused to remove the offending advertisements, it hurried to file the character with the United States Copyright Office erroneously believing that this would somehow provide to Defendants the rights to the characters created by PH.

31. As seen through the link, Defendants continue to utilize the advertising and continue to infringe daily upon PH's copyrights on a daily basis. In fact, on YouTube alone, these advertisements have received approximately 1000 views.

32. In addition to other common law rights which PH maintains, Defendants' actions violate and infringe upon PH's copyrights pursuant to 17 U.S.C. §501 et. sec.

33. As a result, Plaintiff PH has and continues to suffer damages.

## FIRST COUNT
(Copyright Infringement)

34. Plaintiff repeats the averments set forth in Paragraph 1 through 33 as if set forth at length herein.

35. PH developed the characters Planetman, Honda Boy and Evil Dealer. Utilizing those characters, PH created scripts which were produced into commercials and aired.

36. PH has properly filed for its copyrights with the United States Copyright Office.

37. In or about February, 2012, Defendants Star, Bergman, Manning, and Boccio approached PH in an attempt to gain PH's advertising and marketing work. In furtherance thereof, PH provided to Star a copy of the scripts, commercials and future plotlines.

38. Defendants Star, Bergman, Manning, and Boccio provided a Proposal which recognized the value of the characters and sought to enhance the marketing and branding of those characters.

39. PH decided not to work with Star but Defendants Bergman, Manning, and Boccio failed to return PH's documents and videos.

40. In or about the Fall of 2012, PH came to learn that Defendant JMM was not only utilizing PH's characters, it had taken portions of PH's script and used them word for word.

41. PH then learned that Defendant Star was the advertising company that worked with JMM to develop the commercials.

42. Rather than retract the commercials, Defendants Star, Bergman, Manning, and Boccio instead submitted a filing with the U.S. Copyright Office seeking to have PH's characters preserved under Star's name.

43. Such filing not only represents an act of infringement, but represents a willingness to do so pursuant to 17 U.S.C. §504(c).

44. As a direct and proximate result of Defendants' infringement of PH's exclusive rights under copyright, PH is entitled to damages as well as all of Defendants' profts pursuant to 17 U.S.C. §504(b).

45. Alternatively, PH is entitled to the maximum statutory damages, in the amount of $150,000.00 per infringement, pursuant to 17 U.S.C. §504(c) or as may be otherwise permitted under that subsection.

46. PH is entitled to its attorney's fees and full costs pursuant to 17 U.S.C. §505.

47. Defendants' conduct is causing, and unless enjoined and restrained by this Court, wil continue to case, PH great and irreparable injury that cannot be fully compensated for or measured in money. Plaintiffs have no adequate remedy at law and, pursuant to 17 U.S.C. §502, PH is entitiled to preliminary and permanent injuctive relief prohibiting further infringements of PH's copyrights and their exclusive rights under the copyright.

WHEREFORE, Plaintiff PH demands judgment against Defendants, jointly and severally, as follows:

a. Providing temporary and permanent injunctive enjoining all defendants Star and their respective officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with each or any of them, from directly or indirectly committing aiding, encouraging, enabling, inducing, causing, materially contributing to, or otherwise facilitating the further infringing of PH's characters, scripts or plotlines;

b. Compensatory damages of at least $500,000.00 or such greater amount as will be demonstrated at trial. Alternatively, at PH's election, for statutory damages in the maximum amount allowed by law;

c. Interest;

d. Attorney's fees;

e. Costs of suit;

f. Such further relief as the Court should deem just and proper.

## SECOND COUNT
(Conversion)

48. Plaintiff PH repeats the averments set forth in Paragraph 1 through 47 as if set forth at length herein.

49. Through its efforts to obtain Plaintiff's business, Defendants Star, Bergman, Manning, and Boccio came into PH's property inclusive of PH's scripts and commercials.

50. After it was determined that PH would not be conducting business with them, Defendants did not return PH's property.

51. Defendants converted this property to their personal use and utilized and sold the same to Defendant JMM.

52. As a result of Defendants' acts, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment against Defendants Star, Bergman, Manning, and Boccio as follows;

a. Compensatory damages of at least $500,000.00 or such greater amount as will be demonstrated at trial;

b. Interest;
c. Attorney's fees;

d. Costs of suit;

e. Such further relief as the Court should deem just and proper.

## THIRD COUNT
(Breach of Fiduciary Duty)

53. Plaintiff PH repeats the averments set forth in Paragraph 1 through 52 as if set forth at length herein.

54. By soliciting PH's intellectual property for the purpose of conducting business with PH, Defendants Star, Bergman, Manning, and Boccio became fiduciaries of PH and owed a duty to protect and preserve PH's interests even before their own.

55. By knowingly converting, infringing and otherwise utilizing PH's property for their own enrichment and benefit, these Defendants and breached their duty to PH.

56. As a result, Plaintiff has suffered damages,

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

    a. Compensatory damages of $500,000.00 and/or such greater amount as will be demonstrated at trial;

    b. Interest;

    c. Punitive damages;

    d. Attorney's fees;

    e. Costs of suit;

    f. Such further relief as the Court should deem just and proper.

## FOURTH COUNT
(Prima Facie Tort)

57. Plaintiff PH repeats the averments in Paragraphs 1 through 56 as if set forth at length herein.

58. Once Defendants Star, Bergman, Manning, and Boccio failed to obtain the advertising and marketing work from PH, Defendants intentionally and unjustifiably decided to convert and utilize PH intellectual property against PH by providing it to another car dealer and competitor.

59. Such actions harmed PH and caused damages to PH.

60. Defendants are the proximate cause of the said damages.

WHEREFORE, plaintiff demands judgment against Defendants Wilson and John Does 1 - 3, jointly and severally, as follows:

a. Compensatory damages
b. Punitive damages;
c. Interest;
d. Attorneys fees;
e. Costs of suit;

    f. Such further relief as the Court may deem appropriate.

Dated: December 17, 2012

                                            Bruce E. Baldinger, Esq.
                                            The Law Offices of
                                            Bruce E. Baldinger, LLC
                                            365 South Street
                                            Morristown, NJ 07960
                                            bbaldinger@baldingerlaw.com
                                            Attorney for Plaintiff Timco, Inc.